**Al HAMBURG, Appellant (Plaintiff),**

v.

**Judy HANSEN, Appellee (Defendant).**

**No. 84–60.**

Supreme Court of Wyoming.

July 6, 1984.

Al Hamburg, pro se.

No appearance by appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant transferred an automobile to appellee in exchange for her promise to pay him $100 and a specified number of sexual favors. In his complaint, appellant alleges breach of contract and asks for money damages. The justice of the peace court dismissed the action, ruling that the contract was illegal and unenforceable. The district court affirmed the dismissal. The issue is whether or not appellant is entitled to any relief under the contract.

We will affirm.

The essence of the agreement between the parties was that appellant would transfer a 1970 Pontiac automobile to appellee in consideration for her paying $100 and additionally bestowing upon him 100 sexual favors. The agreement was in writing and undated. It contained some ambiguous and unfamiliar terms which were sufficiently clarified at trial. Appellant brought an action against appellee in the small claims court and in his complaint alleged breach of contract and demanded money damages.

The uncontroverted testimony at trial was that appellee had not paid the $100 and had only partially otherwise performed. The agreement provided that appellee would get the car when she had performed 50 sexual acts; however, for some reason not disclosed, there was a premature transfer of the automobile.

The justice of the peace court dismissed appellant's complaint, holding:

"* * * [T]he contractual breach complained of was predicated upon illegal consideration, to wit, the exchange of sexual favors for personal property and as such * * * was violative of the public policy of this state."

The district court sitting as an intermediate court of appeals affirmed the justice of the peace court.

Appellant filed this action in the small claims court as a matter of principle, according to his brief. He then compounds his folly by pursuing a frivolous appeal in the district court and this court. It is an insult to the judicial system and the citizens of this state for appellant to pursue an action of this type in our courts. We would summarily dismiss this spurious action without comment, except that we are required by law to render our opinions in writing. Section 5–2–110, W.S.1977.

The agreement upon which appellant's cause of action is based violated § 6–4–102, W.S.1977 (June 1983 Replacement), which provides:

"A person who knowingly or intentionally pays, or offers or agrees to pay, money or other property to another person for having engaged in, or on the understanding that the other person will engage in, an act of sexual intrusion, as defined by W.S. 6–2–301(a)(vii), with the person or with any other person commits patronizing a prostitute which is a misdemeanor punishable by imprisonment for not more more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both."

An agreement to pay money or transfer property in exchange for acts of sexual intercourse is contrary to law, morality, and public policy. Such contract is void and unenforceable. 17 C.J.S. Contracts § 266, p. 1170 (1963). "A contract which is contrary to public policy will not be recognized by the court, and the parties to the contract will be left as the court finds them." *Tate v. Mountain States Tele-*

*phone and Telegraph Company,* Wyo., 647 P.2d 58 (1982).

The order of the district court sustaining dismissal of appellant's complaint is affirmed.